# PROVIDENCE COUNTY.

———◆———

## In re The Polling Lists.

Subject to the exceptions contained in Gen. Stat. R. I. cap. 9, § 1, the vote of a person whose name does not appear on the list of voters is to be rejected by the moderator or warden, although such person may be a qualified voter under article 2, section 1, of the Constitution of Rhode Island.

Gen. Stat. R. I. cap. 9, § 1, which, subject to certain exceptions, rejects the votes of all persons whose names are not on the voting lists, is constitutional and valid.

The Constitution of the State of Rhode Island, of November, 1842, article 2, section 1, provides :

" Every male citizen of the United States, of the age of twenty-one years, who has had his residence and home in this State for one year, and in the town or city in which he may claim a right

to vote, six months next preceding the time of voting, and who is really and truly possessed in his own right of real estate in such town or city of the value of one hundred and thirty-four dollars over and above all incumbrances, or which shall rent for seven dollars per annum over and above any rent reserved or the interest of any incumbrances thereon, being an estate in fee-simple, fee-tail, for the life of any person, or an estate in reversion or remainder, which qualifies no other person to vote, the conveyance of which estate, if by deed, shall have been recorded at least ninety days, shall thereafter have a right to vote in the election of all civil officers, and on all questions in all legal town or ward meetings, so long as he continues so qualified. And if any person hereinbefore described shall own any such estate within this State out of the town or city in which he resides, he shall have a right to vote in the election of all general officers and members of the General Assembly in the town or city in which he shall have had his residence and home for the term of six months next preceding the election, upon producing a certificate from the clerk of the town or city in which his estate lies, bearing date within ten days of the time of his voting, setting forth that such person has a sufficient estate therein to qualify him as a voter; and that the deed, if any, has been recorded ninety days."

And article 2, section 6, provides:

" The General Assembly shall have full power to provide for a registry of voters, to prescribe the manner of conducting the elections, the form of certificates, the nature of the evidence to be required in case of a dispute as to the right of any person to vote, and generally to enact all laws necessary to carry this article into effect, and to prevent abuse, corruption, and fraud in voting."

The General Statutes of Rhode Island, chapter 9, section 1, provide :

" The moderator or warden of any town, ward, or district meeting, shall receive the votes of all persons whose names are upon the list of voters, certified and delivered to him by the town clerk, and shall reject the votes of all persons claiming to vote, whose names are not on said list; *provided*, that if any voter

whose name is upon any ward list in the cities of Providence or Newport, or upon any district list in any town, shall have removed to another ward or district, after the making out of the ward or district list, or if the name of any voter shall have been placed upon the wrong ward or district list, every such voter shall be admitted to vote in the ward or district in which he resides, upon producing the certificate of the town clerk that his name is upon another ward or district list, duly prepared for the election at which he claims to vote."

March 23, 1881, the Senate of Rhode Island, acting under article 10, section 3, of the Constitution of the State, which provides that "the Judges of the Supreme Court shall give their written opinion upon any question of law, whenever requested by the Governor, or by either House of the General Assembly," adopted the following resolution:

"RESOLUTION No. 21. *Resolved*, That the Supreme Court be and are hereby respectfully requested, pursuant to the provisions of section 3, article 10, of the Constitution, to transmit to the Senate their written opinion upon the following question of law:

"Has a person, having the qualifications described in section 1, article 2, of the Constitution, the right to have his vote received by the moderator and counted if his name be not found on the list of voters, as prescribed by section 1, chapter 9, of the General Statutes?

"If the court shall answer this question in the affirmative, what evidence shall the moderator require of the right of such person to vote?"

## OPINION OF THE COURT.

*April* 13, 1881.

*To the Honorable the Senate of the State of Rhode Island and Providence Plantations:*

We have received from your honorable body a resolution requesting our written opinion on the two following questions, to wit:

"Has a person, having the qualifications described in section 1, article 2, of the Constitution, the right to have his vote received by the moderator and counted if his name be not found on the

list of voters, as prescribed by section 1, chapter 9, of the General Statutes?

"If the court shall answer the question in the affirmative, what evidence shall the moderator require of the right of such person to vote?"

Section 1 of chapter 9 is unambiguous, and clearly directs the moderator to reject the votes of all persons claiming to vote whose names are not on the list, subject to certain plain exceptions in respect of ward and district lists. No one can doubt the meaning. We suppose, therefore, that the object of the first question is to ascertain whether, in our opinion, the direction to reject the unlisted votes is constitutional. We have carefully considered the question in that light, and are clearly of opinion that the direction is constitutional, being fully authorized by section 6 of article 2 of the Constitution, which gives the General Assembly full power " to prescribe the manner of conducting the elections," and " the nature of the evidence to be required in case of a dispute as to the right of any person to vote, and generally to enact all laws necessary to carry this article " (*i. e.* the article in relation to the qualifications of voters and their rights to vote) " into effect, and to prevent abuse, corruption, and fraud in voting." In pursuance of the power so given various laws have been enacted, and among them the laws under which the lists of voters, mentioned in section 1 of chapter 9, are prepared and authenticated by the boards of canvassers of the several towns. In making up these lists, the canvassers are in our opinion required to proceed in a manner which is well calculated to insure the listing of all qualified voters, and which affords to every person claiming a right to vote a fair opportunity to establish his right, if he can, and have his name duly enrolled. It follows that, in the absence of fraud which may be practised, or of accident which may happen under the wisest laws, no name of any qualified voter is likely to be omitted from the proper list, except through his own negligence or in consequence of some error of adjudication on the part of the canvassers. Now, if the name be omitted through the negligence of the voter, there is no good reason why he should not suffer the loss of his vote for it. If it be omitted in consequence of an erroneous adjudication by the canvassers, then, though the

voter may have some reason to complain of the want of any ulterior remedy, yet it is perfectly evident that a moderator, while holding an election, is not a fit tribunal to afford him such a remedy. And even if the name be accidentally omitted, still it is manifest that it cannot be wisely left to a moderator to supply the omission on election day; for he cannot properly supply it without an investigation, and he cannot investigate without a hearing, nor, if several accidental omissions be alleged, without several hearings, probably involving controversies, which would inevitably endanger the orderly conduct of the election, and which might altogether defeat it.

We therefore answer the first question in the negative. The first question being answered in the negative, the second requires no answer.
THOMAS DURFEE,<br>W. S. BURGES,<br>ELISHA R. POTTER,<br>CHARLES MATTESON,<br>JOHN H. STINESS.